UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZURICH INSURANCE COMPANY, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>SUNDAY RIVER SKIWAY )<br>CORPORATION, )<br>)<br>Defendant ) | Civil No. 08-325-P-H |

ORDER ON DISCOVERY DISPUTE

In accordance with the terms of my Report of Hearing and Order Re: Discovery Dispute (Docket No. 54), the defendant has submitted its objection (Docket No. 56) to a privilege log provided by the plaintiffs, and the plaintiffs have submitted their opposition to that objection (Docket No. 58). For the reasons that follow, I overrule the defendant's objection.

The privilege log, a copy of which was provided to the court, is undated, but the letter conveying it to counsel for the defendant is dated January 12, 2010. The defendant contends that it "fails to comply with" Fed. R. Civ. P. 26(b)(5)(A)(ii) because it fails to identify specifically the "representatives of the client" to whom certain e-mail messages, asserted to be protected by the attorney-client privilege, were sent or specifically how each such message was "in furtherance of the rendition of professional legal services." Defendant's Objection to Plaintiffs' Privilege Log ("Objection") (Docket No. 56) at 2-3. None of the authority cited by the defendant supports its contention that such a degree of specificity is required in a privilege log.

1

In *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754 (D. Kan. May 8, 2007), the court, applying Kansas law, set out the requirements of Kansas law with respect to privilege logs and held that "various aspects" of Vonage's privilege logs assumed "that any document reflecting a communication to or from an attorney automatically protects that document from disclosure by the attorney-client privilege[,]" *id*. at *3, an assumption not reflected in the privilege log provided in this case.  The court also held that it was "unclear from many of the descriptions set forth in Vonage's privilege logs whether the documents . . . claimed as protected from disclosure by the attorney-client privilege are so protected[,]" *id*. at *4, but the opinion does not reproduce any of the faulty descriptions and so is of limited value in that respect to the case at hand.  I note also that the defendant does not attempt to show that Maine law is sufficiently similar to Kansas law on this point to allow the wholesale application of the *Sprint* opinion to the question here at issue.

The same is true of the second case cited by the defendant, *St. Joe Co. v. Liberty Mut. Ins. Co.*, No. 3:05-CV-1266-J-25MCR, 2007 WL 141282 (M.D.Fla. Jan. 16, 2007).  In that case, the issue before the court was the sufficiency of an affidavit, *id*. at *1, but the court also noted in *dicta* that the offending party had submitted a second privilege log that "contain[ed] identical subject matter descriptions for each of the withheld documents as those in the Amended Privilege Log, which the Court previously found insufficient." *Id*. at *2.  I assume that Florida law with respect to privilege logs applied in that case, and, in any event, none of the offending subject matter descriptions is reproduced in the opinion.

In *State of New York v. American Elec. Power Serv. Corp.*, No. 2:04-CV-1098, 2006 WL 1526110 (S.D.Ohio May 26, 2006), the third and final case cited by the defendant, no privilege log was involved.  The court had already reviewed the documents for which the attorney-client

privilege had been claimed, and directed the party claiming the privilege to submit to the court for further *in camera* review its suggested redactions based on the privilege, leaving "untouched those portions of the documents containing factual material." *Id*. at *1.  This brief opinion has no apparent value to the dispute at hand.

Nor does the defendant's speculation that some of the lawyers' correspondence identified in the privilege log might also have served as business advice, because it is dated "at and around the time" of the recall of certain ski bindings and testimony that "the legal group in Chicago" drafted a document entitled "Atomic USA Guidelines for the Heel Replacement," Objection at 4, provide sufficient reason to reject the privilege log or for the court to review *in camera* the documents for which the log claims a privilege.  Similarly, the fact that an in-house attorney for one of the plaintiffs also serves as director and secretary of that plaintiff's corporate parent, *id*., does not strip him of the ability to provide privileged legal advice to that defendant.

In their response, the plaintiffs identify Kristiina Huttunen as "counsel for Atomic in Finland" and specify the subject of her legal advice, and specify the general subjects of the legal advice provided by other lawyers mentioned in the privilege log.  Plaintiffs' Opposition to Defendant's Objection to Plaintiff[s'] Privilege Log (Docket No. 58) at 4.  This information was provided in response to the defendant's assertion that it is entitled to sufficient information to allow it to decide for itself "whether Kristiina Huttunen qualifies as 'counsel for Atomic' for privilege purposes[,]" and that other lawyers mentioned in the privilege log were not mentioned in Atomics' Rule 30(b0(6) deposition.  Objection at 3-4.  Any explanation of why those lawyers should have been mentioned in the deposition is absent from the objection.  In any event, assuming *arguendo* that these elements of the defendant's objection bear any legal weight, the plaintiffs have provided a sufficient response.

The defendant's objections to the privilege log are **OVERRULED**.

Dated this 15th day of April, 2010.

                                                 /s/ John H. Rich III
                                                 John H. Rich III
                                                 United States Magistrate Judge